## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

G.D, Individually, and on behalf of T.M.  *

  and  *

T.M., a minor by her parent and  *
next friend, GEOFFREY DESI

      *

   Plaintiffs

      *

  v.

      *   Civil Action No:

Board of Education of Baltimore County *
6901 N. Charles Street
Towson, Maryland 21204    *
Serve on: Jane E. Lichter

  and  *

Dr. Myriam Rogers (Yarbrough)  *
Superintendent of Schools
Baltimore County Public Schools  *
6901 N. Charles Street
Towson, Maryland 21204    *

  and  *

Allison Myers, individually and in her official capacity
Executive Director of Special Education
Baltimore County Public Schools  *
105 W. Chesapeake Avenue
Towson, Maryland 21204    *

   Defendants  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, by and through their attorney, Mark B. Martin and the Law

Offices of Mark B. Martin, P.A., and respectfully unto this Honorable Court states as follows:

1. This is a civil action pursuant to the Individuals with Disabilities Education Act ("IDEA,")

    20 U.S.C. §§ 1400 *et seq.* and 34 Code of Federal Regulations (C.F.R.), §§ 300.1 *et seq.*;

the Education Article, Maryland Annotated Code §§ 8-401 *et seq.* and the Code of Maryland Regulations (COMAR) §§ 13A.05.01 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and 42 U.S.C. § 1983.

2. Plaintiffs, individually and on behalf of T.M., file this action as a result of the failure of the Defendants, the  Board of Education of Baltimore County ("Board" or "BCPS") also known as Baltimore County Public Schools (collectively "BCPS") to offer T.M. a free appropriate public education ("FAPE") for the 2024-2025 school year.  As such, Plaintiffs seeks a judgment finding that BCPS failed to offer T.M. a FAPE for the 2024-2025 school year due to both procedural and substantive violations of the IDEA, Section 504 of the Rehabilitation Act of 1973 and state education law.  Plaintiffs seek a determination that they are prevailing parties and an award of attorney fees, expert fees and costs.

3. This is also a civil action for damages and injunctive relief as a result of the Defendants' violation of the ADA, Section 504, Section 1983, the Maryland Declaration of right and state education law by knowingly and intentionally removing her from school based upon her disabilities and to order the Defendants to comply with the July 16, 2025, Maryland Office of Administrative Hearings ("OAH") order and the November 4, 2025, Maryland State Department of Education Letter of Findings ordering the Defendants compliance with the ALJ Decision by expunging all records related to the illegal suspension and expulsion of the student based upon her disabilities.  Attached hereto as Plaintiff Ex.1 and Ex. 2, respectively.

4. Plaintiffs seek compensatory and monetary damages for the illegal removal of the student and the ongoing refusal to comply with the Orders of both the OAH and MSDE.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to the Individuals with Disabilities Education Act ("IDEA") as amended in 2004, 20 U.S.C. § 1401 *et seq.*; 34 C.F.R. § 300.1 *et seq.*; 28 U.S.C. § 1331, 42 U.S.C. § 1983; Md. Educ. Code Ann., § 8-401 *et seq.*; C.O.M.A.R. § 13A.05.01, *et seq.;* Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12101 *et seq.*

6. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

8. Plaintiff, T.M., is a fourteen (14) year old (DOB: 12/09/11) child with a qualified disability. At all relevant times, she has been, and is now, a resident of Baltimore County, Maryland.

9. Plaintiff, G.D. (hereinafter collectively referred to as the "Plaintiff" or "Parent") is the next friend and parent of T.M.  At all relevant times, he has been and is now a resident of Baltimore County, Maryland.  As T.M.'s parent and next friend, the Parent brings this action on T.M.'s behalf and in their own right.

10. Defendant, The Board of Education of Baltimore County ("Board" or "BCPS") is an elected body duly authorized and empowered by the authority of the laws of the State of Maryland, to establish, maintain, operate, and administer a system of public schools within Baltimore County, Maryland known as the Baltimore County Public Schools.

11. Defendant, BCPS, receives federal funds pursuant to the IDEA, to ensure access to a FAPE to all children with disabilities through twenty-one (21) years of age and is obligated to

comply with applicable federal regulations and statutes including, but not limited to, the IDEA and state education law.

12. Defendant, BCPS is a local education agency ("LEA") as defined by 20 U.S.C. § 1401 and as such receives financial assistance from the United States Department of Education and is responsible for providing a FAPE to disabled students residing in Baltimore County, Maryland.

13. Defendant, Dr. Myriam Rogers is superintendent of the Baltimore County Public Schools. As such, and pursuant to lawfully delegated authority, she is responsible for overseeing and administering educational services, including special education services, to all students living within Baltimore County. As superintendent, Defendant Rogers is ultimately responsible for ensuring that students with disabilities in the LEA and their parents are treated in compliance with state and federal laws. She is being sued in her official capacity.

14. Defendant, Allison Myers is the Executive Director of Special Education within the Department of Special Education of Baltimore County Public Schools. As such, she is responsible for ensuring that the identified needs of students with disabilities are met and that all appropriate guidelines and regulations are followed. Defendant Myers, upon information and belief, has also made direct decisions regarding T.M.'s educational programming, removal and placement. She is being sued in her official and individual capacity.

## FACTUAL ALLEGATIONS

15. Plaintiff, T.M. is diagnosed with depression, anxiety, suicidal ideation, and specific learning disabilities in reading, writing, and math.

16. T.M. is an individual with a qualified disability within the meaning of all applicable statutes, including the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400-1461; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*; and Md. Educ. Code Ann., § 8-401 *et seq.*

17. T.M. has been identified as eligible for special education and related services under the IDEA by BCPS as a student with a specific learning disability.

18. T.M. and her parent contend this is an error impacting the development of her IEP and she qualifies as a student with Multiple Disabilities.

19. T.M.'s zoned public school is Pine Grove Middle School ("Pine Grove") in Baltimore County.

20. T.M. attended Pine Grove during the 2024-2025 school year, her seventh-grade year.

21. On April 1, 2025, BCPS staff directed that T.M. be brought to the hospital for an emergency petition due to her mental health.  She went directly from school to the hospital.  She was hospitalized and provided inpatient mental health services until April 14, 2025.  From April 15 to April 29, 2025, she was admitted to and participated in the partial hospitalization day program at Shepard Pratt Hospital.

22. On April 29, 2025, she was discharged from Sheppard Pratt Hospital.  The discharge document indicated that she had completed treatment Monday - Friday from 8am-3pm. Furthermore, the discharge stated, T.M. "can return to whatever school setting that was in place prior to admission."

23. On May 2, 2025, BCPS held an IEP team meeting to review and revise the student's IEP. The IEP team determined her placement was Pine Grove Middle School.  The IEP had goals

related to reading, writing, math, task completion, and to "reduce feelings of anxiety and depression."

24. On May 7, 2025, the parent and student went to re-enter Pine Grove Middle School. BCPS advised she was being suspended for ten (10) days and referred to the Board of Education for further action. BCPS failed to advise the student with any written notice of the behavior she was being suspended for or when the behavior occurred.

25. On May 16, 2025, a manifestation meeting was held at Pine Grove. Despite the request of the parent, the student's Aunt who was caring for her, her educational consultant and her attorney, no facts were provided identifying the basic who, what or when forming the alleged conduct to be considered by the IEP team. Nor was a copy of all relevant educational records provided.

26. At the IEP team when asked for the basis of the conduct being reviewed, the IEP team facilitator advised that the school principal had provided the following information to read to the team as a description of the student's behavior which was also emailed during the meeting: "On April 1, 2025, the administration received notification that "Phillip" made a threat of mass violence on social media."

27. No further information was provided and the IEP team refused to provide or discuss the student's behavior at school.

28. BCPS failed to provide the parent with the student's educational records and behavioral allegations. As determined by the ALJ, "BCPS's failure to provide such documentation after the request of counsel and prior to the MDR meeting *significantly impeded* the Parent's meaningful participation in the MDR meeting." *See,* Plaintiff Ex. 1 at p. 36 (emphasis added).

29. BCPS failed to review or consider the student's complete educational, psychological, and mental health history in determining whether the student's behavior was a manifestation of her disability.

30. BCPS wrongly determined that the student's behavior was not a manifestation of her disability.

31. The IEP team refused to consider appropriate services at the IEP team meeting after determining that the student's behavior was not a manifestation of her disability.

32. The student received no general or special education instruction from BCPS between April 1, 2025 and June 16, 2025.

33. The student was not provided any educational services between her discharge from the hospital on April 29, 2025 and the end of the 2024-2025 school year. The ALJ Decision determined that Defendants failed to provide appropriate educational services from May 22, 2025 through June 16, 2025, the end of the school year.

34. On May 13, 2024, the student appealed their suspension and proposed expulsion from BCPS based upon violation of Maryland Education Law and COMAR protecting children with disabilities, Md. Education Article Ann., Section 7-305, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the Administrative Policies and Regulations established by the Board of Education of Baltimore County, the United States Constitution and the Maryland Declaration of Rights.

35. At the same time, Plaintiffs requested any and all documents related to the alleged conduct and any documents which would be presented, considered or relied upon at the suspension/expulsion hearing on May 19, 2025. Defendants refused to timely provide a

complete and responsive set of documents to Plaintiffs impacting their ability to prepare and respond to the incomplete allegations made against the student.

36. BCPS did not provide an accessible copy of the student's "suspension packet" until less than twenty four (24) hours prior to the expulsion hearing.  The parent attended the superintendent's hearing but was not permitted to fully examine the sole witness presenting information.  The Superintendent's Designee interrupted, interfered and restricted the students participation in the hearing.  There was no explanation provided as to why the student's teacher reports and failing grades were withheld from the family

37. BCPS failed to review or consider the student's complete educational, psychological, and mental health history in determining whether school disciplinary charge 3Q should be upheld, whether the student was an imminent threat to other students and whether the student's behavior was a manifestation of her disability.  Significantly, the event in question occurred over six (6) weeks prior to the determinations.

38. In the findings of fact, the administrative law judge determined that "the BCPS erred by both *purposely limiting* the IEP team to a single sentence description, and two citations to the offense code, for its consideration of the conduct in question, while at the same time *withholding from the Student's counsel* further information in their possession about then conduct when requested in preparation for the MDR meeting."  *See,* Plaintiff Ex. 1 at p. 37 (emphasis added).

39. Pursuant to her IEPs, T.M. was subsequently placed at Sheppard Pratt - Glyndon ("SPG") for her seventh grade (2024-2025) and eighth grade (2025-2026) school years.

40. SPG is a year-round private special education day school for students with academic, behavioral, clinical and other specific learning disabilities for students in kindergarten through grade 12.

## PROCEDURAL AND FACTUAL HISTORY

41. On May 16, 2025, Plaintiffs filed a request for a due process hearing with Baltimore County Public Schools and the Maryland Office of Administrative Hearings ("OAH") as a result of the procedural and substantive failures of BCPS in formulating and offering an IEP and placement for the 2024-2025 school year.

42. The Complaint sought a reversal of the May 16, 2025 Manifestation determination, the reinstatement of the student to her local middle school, the provision of compensatory services, and the reimbursement for costs, including, but not limited to, incurred attorney and expert fees.

43. The merits of the May 16, 2025 request for a due process hearing were conducted before Administrative Law Judge ("ALJ") John D. Hart in *T.M. v. Baltimore County Public Schools,* docketed as OAH Case No: MSDE-BCNY-OT-25-14446 in June 2025.

44. On July 16, 2025, ALJ Hart issued a decision establishing Plaintiffs as prevailing parties in the IDEA administrative litigation against BCPS. *See,* Plaintiff Ex. 1.

45. The ALJ reversed BCPS' ten (10) day suspension and proposed expulsion and ordered that BCPS remove all documents related to the matter from T.M.'s educational record; convene an IEP, develop an FBA and BIP, update her IEP to reflect placement and appropriate services in an eleven-month nonpublic therapeutic setting and provide proof of compliance within thirty (30) days of the decision date.

46. Defendants have not filed a complaint challenging the administrative decision.

47. On July 21, 2025, Plaintiffs sent correspondence via email to BCPS Hearing Officer Roger Thomas, Esquire, BCPS Board Chair Jane E. Lichter and cc'd BCPS Deputy General Counsel Valerie A. Holden, Esquire notifying them of the ALJ Decision and requested confirmation of the reversal of the expulsion and expungement of any and all records related to the discipline and Superintendent's actions.

48. On July 21, 2025, Plaintiffs received "read receipts" from Roger Thomas, Esquire and Valerie Holden, Esquire.

49. Plaintiffs did not receive a response to their request.

50. On August 25, 2025, Plaintiffs counsel, Mark B. Martin emailed Valerie A. Holden requesting…"evidence of the expungement of the discipline records and destruction of the documents in accordance with the ALJ's decision? Also, can you please send me a copy of the BCPS letter to MSDE confirming that this has occurred?"

51. On that same date, Ms. Holden responded, "I'm sorry for my delayed response- it's been a busy week with students back in buildings. We are still within our 120 days to appeal, and I am in discussions with my client over a couple of the items that the judge ordered. As such, the expungement and destruction of documents have not occurred."

52. On September 4, 2025, Plaintiffs filed a State Complaint due to the failure of BCPS to comply with the ALJ Order. *See,* Plaintiff Ex. 2.

53. On November 4, 2025, the Maryland State Department of Education ("MSDE") issued a Letter of Findings concluding that, "BCPS has not implemented the due process hearing decision dated July 16, 2025…".

54. MSDE required BCPS to provide documentation by January 2, 2026, that it has complied with all aspects of the due process hearing decision.

55. To date, Plaintiffs have not received documentation from BCPS to the removal of T.M's suspension/expulsion from her record or the expungement of the discipline records and destruction of the documents in accordance with the ALJ's decision.

56. After litigation under the IDEA, a United States District Court may award fees and costs to such a prevailing party. *See,* 20 U.S.C. § 1415 (i)(3)(B); *JP ex rel. Peterson v. Cty. Sch. Bd. of Hanover Cty., Va.*, 641 F. Supp. 2d 499, 509 (E.D. Va. 2009) (awarding fees in IDEA case). In Maryland, a prevailing party may also seek reimbursement of their attorney fees, expert fees and related costs. Md. Educ. Art. Ann. § 8-413(l)(1).

57. Plaintiffs incurred reasonable legal fees, expert fees and related costs in pursuing and obtaining relief in their litigation.

58. By their conduct as alleged herein, Defendants purposefully and with deliberate indifference denied the parent and student their federal and state rights, knowingly limited and withheld relevant information from them and removed the student from their school without basis or authority.

## RELEVANT LAW

### I. Individuals with Disabilities Education Act ("IDEA") and Maryland State Education Law

59. In order to encourage states to provide appropriate special education services to students with disabilities, Congress enacted what is now called the IDEA, 20 U.S.C. § 1400 et seq. Under the IDEA, states are eligible for funding if they assure that all children with disabilities are provided FAPE. 20 U.S.C. § 11412(1); 34 C.F.R. § 300.101(a).

60. By law, special education must be provided to each eligible student in accordance with the terms of his or her IEP. 20 U.S.C. § 1401(9); 34 C.F.R. § 300.17.

61. The IDEA and its implementing regulations provide for a duly constituted multi-disciplinary team to make recommendations, based on a child's IEP, regarding the student's educational placement. 20 U.S.C. §§ 1412(2)(B)(4), (6); 1414(a) (5); 34 C.F.R. §§ 300.320 and 300.321.

62. The IDEA is designed to ensure that students with disabilities receive effective education which includes challenging expectations. 20 U.S.C. § 1400(C)(5); 20 U.S.C. § 6311(a) and (b).

63. District Courts may award attorneys' fees to parents who prevail in administrative due process hearings and before this Court. 20 U.S.C. § 1415(i)(3).

**II. Section 504 of the Rehabilitation Act and Title II of the ADA**

64. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ..." 29 U.S.C. § 794(a).

65. The IDEA provides that "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, [42 U.S.C.A § 1201 *et. seq*.] Title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l).

66. Both the ADA and the Rehabilitation Act authorize individuals to "seek redress for violations by bringing suits for injunctive relief or money damages." *A. J. T. by & through A. T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 605 U.S. 335, 339 (2025).

### III.  42 U.S.C. § 1983

67. Section 1983 creates a cause of action for any person who is deprived of any right, privilege, or immunity secured by the United States Constitution or federal law under color or authority of law.

68. A corporation, such as the Baltimore County Public Schools, may be liable under § 1983 if the governmental body subjects a person to a deprivation of rights or causes a person to be subjected to such a deprivation, i.e. - the violation is pursuant to official corporate policy. *Connickv. Thompson*, 131 S. Ct. 1350, 1359; *See also, Hinson ex rel. N.H. v. Merritt Educ.*, 521 F. Supp. 2d 22, 28 (D.D.C. 2007).  A corporation can be held liable for a single decision which results in an illegal deprivation if that decision is made by an individual who "may fairly be said to represent official policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (l986).

69. While something more than a mere failure to provide a FAPE must be shown, *Lunceford v. D.C Bd. of Educ.*, 745 F.2d 1577, 1580 (D.C. Cir. 1984), an action under § 1983 may be based upon violations of certain procedural safeguards of the IDEA. 20 U.S.C. § 1415; *Walker v. District of Columbia,* 969 F. Supp. 794, 797 (D.D.C. 1997*); Zearley v. Ackerman*, 116 F. Supp. 2d 109, 114 (D.D.C. 2000); *Johnson v. District of Columbia*, 190 F. Supp. 2d 34, 46-47 (D.D.C. 2002).

70. Section 1983 "suppl[ies] the right of action to a plaintiff who has been denied procedural safeguards under Section 1415 [of the Education of the Handicapped Act, the predecessor

of the IDEA] and who, as a result thereof, has not received the findings and decision following the impartial due process administrative hearing contemplated by Section 1415." *Conway v. Bd. of Educ. of Northport–East Northport Sch. Dist.*, No. 13 Civ. 5283, 2014 WL 3828383, at *15 (E.D.N.Y. Aug.1, 2014), *quoting Quackenbush v. Johnson City Sch. Dist.*, 716 F.2d 141 (2d Cir.1983).

71. The United States Constitution mandates that no person shall "be deprived of life, liberty, or property without due process of law." U.S. CONST. amend. V.

## COUNT I

**Plaintiffs First Claim for Relief:**
**Deprivation of Plaintiffs Right to a Free Appropriate Public Education without Due Process of Law**

72. All previous allegations, as necessary to support this cause of action, are incorporated into this cause of action by reference as if set forth in full.

73. Defendants committed multiple procedural violations of state and federal law during the 2024-2025 school year resulting in a substantive failure to offer or provide T.M. with a FAPE during the 2024-2025 academic school year.

74. The IEP and placement offered by BCPS at the conclusion of the manifestation meeting substantively failed to offer T.M. a FAPE by failing to provide an educational program that would provide her with meaningful educational benefit.

75. Defendants were deliberately indifferent to procedural safeguards afforded by the IDEA and the student's right to a full and fair manifestation meeting when they proceeded with the manifestation meeting and then the suspension hearing during which Defendants expelled T.M. from school.

76. Defendants have violated Plaintiff's right to a FAPE as a result of their actions.

## COUNT II

**Plaintiffs Second Claim for Relief:**
**Denial of FAPE and Request for Attorney Fees, Expert Fees and Costs**

77. All previous allegations, as necessary to support this cause of action, are incorporated into this cause of action by reference as if set forth in full.

78. Defendants committed multiple procedural violations of state and federal law during the 2024-2025 school year resulting in a substantive failure to offer or provide T.M. with a FAPE during the 2024-2025 academic school year.

79. The IEP and placement offered by BCPS at the conclusion of the manifestation meeting substantively failed to offer T.M. a FAPE by failing to provide an educational program that would provide her with meaningful educational benefit.

80. Plaintiffs prevailed in their impartial due process hearing in this matter as a result of the illegal suspension and expulsion of the student.

81. Plaintiffs should be found to be prevailing parties and awarded attorneys fees, expert fees and costs in accordance with state and federal law.

## COUNT III

**Plaintiffs Third Claim for Relief:**
**Violation of Section 504 of the Rehabilitation Act and the ADA**

82. All previous allegations, as necessary to support this cause of action, are incorporated into this cause of action by reference as if set forth in full.

83. Defendants, Rogers, and Myers, upon information and belief, have knowingly and intentionally refused to comply with the ALJ Decision issued on July 16, 2025 or the MSDE Letter of Findings issued on November 4, 2025.

84. Defendants have purposefully acted to remove T.M. from Pine Grove Middle School without legal justification and when challenged intentionally withheld information evidencing the scope and extent of her disabilities in order to prevent them from exercising their state, federal and constitutional rights to due process of law.

85. Plaintiff requests damages, in an amount to be determined at trial, for such actions under, 42 U.S.C. § 1983, U.S.C. § 794 and 42 U.S.C. § 12101 *et. seq.* and reasonable attorney's fees, expert fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT IV

**Plaintiffs Fourth Claim for Relief:**
**Damages Under 42 U.S.C. § 1983**

86. All previous allegations, as necessary to support this cause of action, are incorporated into this cause of action by reference as if set forth in full.

87. Defendants, Rogers, and Myers, upon information and belief, have knowingly and intentionally refused to comply with the ALJ Decision issued on July 16, 2025 or the MSDE Letter of Findings issued on November 4, 2025.

88. Defendants have acted with deliberate indifference, bad faith and gross misjudgment by refusing to comply with the ALJ Decision issued on July 16, 2025 or the MSDE Letter of Findings issued on November 4, 2025.

89. Defendants have purposefully acted to remove T.M. from Pine Grove Middle School without legal justification and when challenged intentionally withheld information evidencing the scope and extent of her disabilities in order to prevent them from exercising their state, federal and constitutional rights to due process of law.

90. Defendants have acted with deliberate indifference, bad faith and gross misjudgment with respect to T.M.'s legal rights pursuant to Federal and State education law.

91. As a direct and proximate cause of Defendants' acts, Plaintiffs have suffered and continue to suffer severe and grievous mental and emotional suffering, worry, fear, anguish, anxiety, humiliation, intimidation, stigma, and other injuries that they will continue to suffer permanently.

92. Plaintiffs request damages, in an amount to be determined at trial, for such actions under the Act, 42 U.S.C. § 1983 and reasonable attorney's fees, expert fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs, T.M., individually, and G.D., individually and as the parent and next friend of a minor, T.M., respectfully request that this Honorable Court issue judgment in favor of the Plaintiffs and against Defendants and Plaintiffs pray for the following relief:

1. Order Defendants to comply with the ALJ Decision issued on July 16, 2025;

2. Order Defendants to comply with the MSDE Letter of Findings issued on November 4, 2025;

3. Award a minimum of One Hundred Thousand Dollars ($100,000.00) in compensatory damages;

4. Declare the Plaintiffs prevailing parties and award Plaintiff's attorney fees, expert fees and costs related to this action, the MSDE State Complaint and the State Administrative Hearing; and

5. Award any other relief that the Court deems just and proper.

Respectfully submitted,

*Mark B. Martin*

Mark B. Martin, Fed. Bar No. 11688
Law Offices of Mark B. Martin, P.A.
36 S. Charles Street, Suite 901
Baltimore, Maryland  21201
T: (410) 779-7770
F: (410) 576-9391
mmartin@markmartinlaw.com
*Counsel for Plaintiffs*

March 12, 2026